UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHARLES E. JUSTICE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:08-CV-171 TLS |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 4, 2008, Plaintiff, Charles E. Justice ("Justice"), a *pro se* prisoner, filed a complaint against the Commissioner of the Social Security Administration ("Commissioner"). On April 24, 2008, this Court granted Justice leave to proceed *in forma pauperis*. In his complaint, Justice requests that the Court to investigate his ex-wife's claim for social security benefits on behalf of their minor children and reverse the Commissioner's decision to grant benefits. This Court now enters a Report and Recommendation to dismiss Justice's claim.

**I.  RELEVANT BACKGROUND**

On December 9, 2002, Justice began receiving social security benefits.[1] Justice states that his ex-wife, Marjorie L. Justice, was awarded "child support social security benefits" as part of a divorce settlement. At some point, presumably after the divorce, Thomas Wilke attempted to adopt one of the couple's three children, Ashlen Justice. Justice claims that, during the

---

[1] Justice did not identify the type of benefits he receives in his complaint. Under the Social Security Act, 42 U.S.C.A. § 301 *et seq*., "benefit" means an old-age insurance benefit, disability insurance benefit, wife's insurance benefit, husband's insurance benefit, child's insurance benefit, widow's insurance benefit, widower's insurance benefit, mother's insurance benefit, father's insurance benefit, parent's insurance benefit, or special payment at age 72 under title II of the Act (42 U.S.C.A. § 401 *et seq*).

adoption process, Marjorie revealed that Justice was not Ashlen's biological father. Thereafter, Johnny E. Heitkamp, successfully adopted all three of the other children.

Justice contends that, based on Marjorie prior representations, Marjorie is fraudulently receiving Social Security benefits on behalf of Ashlen Justice. Further, Justice argues that he has reason to believe that he is not the father of the other children as well. Accordingly, Justice requests that this Court reverse the Commissioner's decision to pay Marjorie benefits on behalf of the children.

## II. APPLICABLE LAW

Documents filed *pro se* are to be liberally construed, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). However, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under FED. R. CIV. P. 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." FED. R. CIV. P. 8(a)(1). Specific facts are not necessary. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" Id. Indeed, FED. R. CIV. P. 8(2) requires "a showing rather than a blanket assertion, of entitlement to relief." Id.

**III.   ANALYSIS**

Justice has failed to state a claim on which this Court can grant relief.  To begin, Justice did not indicate to this Court which statutory authority grants this Court jurisdiction to reopen and reconsider a prior decision of the Commissioner.  Similarly, Justice neglected to indicate in his complaint any legal grounds which permit him to challenge the Commissioner's affirmative decision to award benefits.  Further, Justice did not cite to any authority which would authorize Justice to bring a *qui tam* action to assert the rights of the Commissioner.  While the requirement of notice pleading is minimal, Justice must at a minimum state the grounds for the court's jurisdiction. See Fed. R. Civ. P. 8(a)(1).

In addition, Justice did not establish that he has standing to bring his complaint.  To begin, Justice did not provide evidence that he is either receiving or paying the auxiliary benefits that he alleges are improper. As such, Justice can not be viewed as a party at interest because he does not allege that he has suffered any harm. See Bell, 127 S. Ct. at1964-65 ("[f]actual allegations must be enough to raise a right to relief above the speculative level").

Absent notice of statutory authority to authorize jurisdiction for this Court to hear his claim, and absent some facts to establish that Justice has standing to bring his claim, Justice has failed to state a viable cause of action.

**IV.    CONCLUSION**

For the reasons stated above, this Court **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to this Court's screening function under 28 U.S.C. § 1915A.

**SO ORDERED**

**Dated this 7th Day of November, 2008**.

                                                    S/Christopher A. Nuechterlein
                                                  Christopher A. Nuechterlein
                                                  United States Magistrate Judge

**NOTICE IS HEREBY GIVEN** that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b).

**FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239 (7th Cir. 1996); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); *Video Views, Inc. v. Studio 21 Ltd.*, 797 F.2d 538 (7th Cir. 1986).